## CLEAN-RITE DRY CLEANING CO v DALE

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided Feb 2, 1931

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Dale.

Charles T. Rich, Cleveland, for Dry Cleaning Co.

**JUSTICE, J.**

As to the proposition that the verdict was given under the influence of passion and prejudice, it is enough to say that such contention is not borne out by the record. Hence, the trial court had the power and authority to reduce the verdict by remittitur. **Chester Park Co v Schulte, Admr., 120 Oh St, 273.**

Coming now to the second claimed error. The parties and their counsel are well acquainted with the facts in this case. It will, therefore, serve no useful purpose for us to review them here. Suffice it to say that a sharp conflict exists in the oral testimony on some of the material points in issue, and well might different minds, in weighing it, come to different conclusions. Questions of fact, however, are for the triers of the fact—in the instant case, the jury. **Painesville Utopia Theatre Co. v Lautermilch, 118 Oh St, 167.** There is no evidence in the case which even tends to show that the verdict is the result of misapprehension, mistake, bias or a wilful disregard of duty on the part of the jury. Hence, the rule announced in **Dean v King, 22 Oh St, 118-134,** and kindred cases, is controlling. By applying this rule to the facts here we are persuaded that this assignment of error is untenable.

The last claim of error relates to the charge. We have carefully examined it, giving special attention to those portions of which complaint is made. No error was committed by the trial court in instructing the jury that "the violation of an ordinance or a law passed by the Legislature as a police measure for the protection of the public constitutes negligence in and of itself." **Schell v DeBois Admr., 94 Oh St 93.**

Nor is it maintainable, in the light of the entire charge, that by so charging, the trial court lodged in the minds of the jurors the thought or idea that the defendant would be guilty of negligence per se by driving its truck at the time of the accident at a speed greater than twenty-five miles per hour. A charge must be construed as a whole and in the instant case when so construed, the charge is not only free from prejudicial error but very instructive. **Ohio-Indiana Torpedo Co. v Fishburn et al, 61 Oh St, 608.**

All other claims of error have been carefully considered by us and found to be without merit.

Entertaining these views it follows that the judgment of the Common Pleas Court should be affirmed.

Judgment affirmed.

MIDDLETON, PJ, and CROW, J, concur.